# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Links at Gettysburg Land  
Company, Inc.,  
                Appellant  

        v.  

Board of Supervisors of Mount Joy  
Township  

:
:
:
:
:
:
:
:
:
:
:

No. 1007 C.D. 2019  
SUBMITTED: May 11, 2020

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge  
                HONORABLE CHRISTINE FIZZANO CANNON, Judge  
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**  
**SENIOR JUDGE LEADBETTER**               **FILED: June 25, 2020**

      The Links at Gettysburg Land Company, Inc. appeals from an order of the Court of Common Pleas of Adams County affirming the decision of the Board of Supervisors of Mount Joy Township that denied the developer's revised preliminary land development plan for a hotel and conference center. For the reasons that follow, we reverse and remand this matter to the trial court with directions to remand to the Board for purposes of affording the developer an opportunity to address outstanding comments on the plan.[1]

---

[1] This case was considered seriately with related cases *The Links at Gettysburg Land Company, Inc. v. Board of Supervisors of Mount Joy Township* (Pa. Cmwlth., No. 1006 C.D. 2019, filed June 25, 2020) and *The Links at Gettysburg Land Company, Inc. v. Board of Supervisors of Mount Joy Township* (Pa. Cmwlth., No. 1008 C.D. 2019, filed June 25, 2020).

In April 2015, the Board approved conditional use applications for expansion of the planned golf community and erection of a hotel and conference center. Both decisions required that the developer submit plans within two years of those decisions to prevent expiration of the approvals. It is undisputed that the Links satisfied the two-year deadline with respect to both projects.[2] Additionally, both decisions required the Links to update its traffic study within three years of the decisions.[3]

In a decision dated May 22, 2018, the Board determined that both conditional use approvals had expired for failure to satisfy the traffic study conditions. (As we determined in *The Links at Gettysburg Land Company, Inc. v. Board of Supervisors of Mount Joy Township* (Pa. Cmwlth., No. 1006 C.D. 2019, filed June 25, 2020), the Board erred in rendering that determination.) Additionally, the Board also denied both the April 2018 revised preliminary subdivision plan for the expansion and the April 2018 revised preliminary land development plan for the hotel and conference center. In so doing, the Board stated that it was incorporating the May 3, 2018, review comments from the Township's engineer and zoning officer.

---

[2] Condition No. 1 for the hotel and conference center provided:

> The approval of the conditional use for the hotel and conference center uses shall expire two years from the date of this Decision, subject to written petition setting forth sufficient reason for the Board's grant of an extension of the expiration. The conditional use shall not expire if a land development plan has been submitted.

(April 27, 2015, Hotel Decision at 11; Reproduced Record "R.R." at 42a.)

[3] Condition No. 9 for the hotel and conference center provided: "Every three years from the date of this Decision, the applicant shall update the traffic counts and movements data of the Traffic Study made part of the Modified Application and within one year of the completion of the development shall submit an updated Traffic Study to the Township." (*Id*. at 12; R.R. at 43a.)

2

Subsequently, the Links filed three separate appeals with the trial court. Without taking additional evidence, the trial court affirmed the Board in all three appeals. We now consider the Links' appeal from the Board's denial of the April 2018 revised preliminary land development plan for the hotel and conference center.

On appeal, the Links argues that the Board breached its good faith obligation to permit the developer to respond to outstanding comments before acting on the plan at issue. In support, the Links cites case law standing for the proposition that the local governing body has a duty to exercise good faith in reviewing and processing land use applications and to provide the developer with a reasonable opportunity to respond to objections or to make modifications where there has been a misunderstanding or difference of opinion. *1050 Ashbourne Assocs., LLC v. Cheltenham Twp. Bd. of Comm'rs*, 167 A.3d 828, 836 (Pa. Cmwlth. 2017); *Honey Brook Estates, LLC v. Bd. of Supervisors of Honey Brook Twp.*, 132 A.3d 611, 621 (Pa. Cmwlth. 2016); and *Monger v. Upper Leacock Twp.*, 132 A.3d 585, 590 (Pa. Cmwlth. 2016).

We conclude that the Board abused its discretion in denying the plan without affording the Links a further opportunity to address the outstanding comments. A partial review of the timeline is instructive. On January 15, 2018, the Links' traffic engineer submitted an updated traffic study. On April 5, 2018, the Links submitted a revised preliminary land development plan for the hotel and conference center. On May 3, 2018, the Township's zoning officer and engineer issued review comments that included a disclaimer on the top of the first page stating: "These review comments are issued as a courtesy only and in preliminary form, pending Township determination/action regarding expiration of the Conditional Use Approval . . . ." (May 3, 2018, Comments; R.R. at 204a.) On May

3

11, 2018, the developer's traffic engineer sent a letter providing updated traffic data notwithstanding his position that such data had remained unchanged. On May 16, 2018, developer's counsel sent a letter rejecting the Township's position as to the alleged automatic expiration of the conditional use approvals, expressing an opinion as to the proper method by which the zoning officer could have sought enforcement of the traffic study conditions, and extending by an additional sixty days the Board's ninety-day deadline[4] to take action on both plans in order that the developer could address the comments. (May 16, 2018, Letter; R.R. at 227a-31a.) Nonetheless, the Board on May 17, 2018, determined that the conditional use approvals had expired for failure to meet the traffic study conditions and the standards identified in the comments. The Board communicated the denial in its May 22, 2018, decision.

Thus instead of affording the developer an opportunity to address the comments, the Board chose to rely upon the allegedly non-compliant traffic study submission as illusory support for the expiration of the conditional use approvals. Given the relatively compressed timetable herein at issue, the Board's decision not to accept the developer's proffered extension and to rely upon the allegedly inadequate traffic study as a basis for expiration of the conditional use approvals was tantamount to bad faith. While it is true that a local governing body need not provide a developer with infinite time in which to address comments,[5] the local governing body must exercise good faith in its dealings.

In view of the foregoing, we reverse and remand this matter to the trial court with directions to remand to the Board for purposes of affording the developer

---

[4] *See* Section 508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10508.

[5] *See Kassouf v. Twp. of Scott*, 883 A.2d 463, 476 (Pa. 2005) ("There is no existing basis in law to suggest that a developer is entitled to infinite opportunities to address and remedy defects in a subdivision plan.").

an opportunity to address outstanding comments on the April 2018 revised preliminary land development plan for the hotel and conference center.


 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The Links at Gettysburg Land Company, Inc., | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1007 C.D. 2019 |
| | : | |
| Board of Supervisors of Mount Joy Township | : | |
| | : | |

# **O R D E R**

AND NOW, this 25th day of June, 2020, the order of the Court of Common Pleas of Adams County is hereby REVERSED.  We remand this matter to the trial court with directions to remand to the Board of Supervisors of Mount Joy Township in accordance with the foregoing opinion.

Jurisdiction relinquished.

---

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge